## SALTERS *a.* PRUYN.

*Supreme Court, First District; Special Term, April,* 1862.
*Again; General Term, November,* 1862.

DISMISSAL OF SUIT FOR NEGLECT TO PROSECUTE.—ACTIONS AGAINST
EXECUTORS.—SEVERAL ANSWERS.—PRACTICE.

The Code has not altered the rule of the former practice in suits in equity, that
where the plaintiff does not use due diligence, a defendant who has perfected
his answer, may move to dismiss the suit.

In an action against several executors, such of them as are first served with pro-
cess, or first appear, are entitled, under 2 Rev. Stat., 448, § 5, to answer for the
estate ; and it is irregular for their co-executor to put in an answer thereafter.
Nor does collusion between the plaintiff and the executor who first answers, give
his co-executor the right to answer, at least not without the leave of the court
on a direct application for that purpose.
Irregularity in putting in a separate answer,—*Held,* waived by plaintiff's neglect
to return it or to move to strike it out.

Appeal from an order denying a motion to vacate, for irregu-
larity, an order dismissing the complaint.

This action was brought by Francis H. Salters against Theo-
dore Salters, and Theodore Salters, Anna Salters, and Lansing
Pruyn, executors, and Euphemia M. Vence, to determine the

construction of the will of Francis Salters, deceased. Theodore and Anna Salters appeared and answered; Lansing Pruyn, their co-executor appeared and put in a several answer. The cause was noticed for trial on both sides. An order was made dismissing the complaint as against Pruyn and Vence by default. Plaintiff moved to vacate the order for irregularity. Mr. Justice Clerke denied the motion, rendering the following opinion:

" By the 66th rule of the late Court of Chancery it was provided, where the cause stood for hearing on bill and answer against part of the defendants, if the complainant did not use due diligence in proceeding against the other defendants, any of those who had perfected their answer, may apply to dismiss the bill for want of prosecution ; and so, for a still stronger reason, if all the defendants have put in an answer, and the cause was noticed for hearing by any one defendant, he could move for a dismissal of the complaint as to him, on due proof of notice. The Code has not altered this practice.

" Motion denied, without costs."

The plaintiff appealed.

*Skeffington Sanxay,* for the appellant.—I. Several executors are considered in the light of an individual person. (*Dayton's Surrogates,* 2 ed., 237, 238, 318, citing statutes, showing the rule that executors, who shall first be served with process, or who shall first appear in the action shall answer the plaintiff.)

II. The proceedings by Pruyn and Vence, in dismissing the complaint, *were irregular and void.* 1. Because the action was not severable, and the defendants could not act, but in concert. If they could, it would present the singular anomaly of the action being dismissed as to one joint executor, and left to be continued against two co-executors. 2. Because Anna and Theodore Salters, two of the executors, having first appeared, and answered, had the control of the defence; and Mr. Pruyn, the other executor, had no right to attempt to act independently, or even to put in a separate answer. 3. The action as before shown, was not severable, nor could the defendants seek, or become entitled to a separate trial, from the other executors; thus leaving the action to proceed against them. (Ward *a.* Dewey, 12 *How. Pr.*, 193; Burnham *a.* De Bevorse, 8 *Ib.*, 159.)

*E. A. Doolittle* and *G. M. Speir*, for the respondents.—I. The motion was properly denied. 1. For the reasons stated in the opinion of the justice making the order. 2. Plaintiff had been guilty of laches. (McEvers *a.* Markler, 1 *Johns. Cas.*, 248; Doty *a.* Russell, 5 *Wend.*, 129; Nichols *a.* Nichols, 10 *Ib.*, 560.)

II. The opposing affidavits disclosed that defendants Theodore and Mrs. Salters were in collusion with plaintiff.

III. The only question at issue was, as to whether plaintiff was, or was not, a partner, and no specific relief was demanded in the complaint against either defendant individually; all parties were properly represented before the court. Pruyn represented the estate just as effectually as if the attorney of the other executors were present.

IV. Had the attorney of the other executors, by collusion, admitted all the allegations of the complaint, plaintiff could not take judgment against the estate; if he did, the court would set it aside.

By THE COURT.—INGRAHAM, P. J.—So far as the motion was to dismiss the complaint as to defendant Vence, the order appealed from was proper. She noticed the cause for hearing, and she had a right to the dismissal of the complaint as to her, if the plaintiff did not proceed with the cause when it was reached.

As to the defendant Pruyn, I think it was irregular for him to proceed alone without the other executors, or to put in a separate answer. The statute is positive that in an action against several executors, they shall all be considered as one person, and such of them as shall be first served with process, or shall first appear, shall answer the plaintiff. The intent of the statute was to prevent what has taken place here, and to require the executors to act together in the defence of the action. I do not mean to say, that the court might not allow a different course of proceeding where there was any fraud contemplated on the estate; but if there can be any such relief, other than an application to remove the executor, it must be on a distinct application to the court, and not in this way.

Whether executors can separate in their defences in a case

where no personal liability is sought to be enforced against them, may well be doubted.

The defendant Pruyn was irregular in noticing the case alone, without the other executors.

I think also he was wrong in putting in a separate answer; but the plaintiff has waived his objection thereto by not moving to strike it out, or by not returning it.

The order appealed from as to defendant Vence must be affirmed, with $10 costs; and reversed as to defendant Pruyn, without costs.

CLERKE and BARNARD, JJ., concurred.