BEATRICE MOROSCO, Plaintiff, *v.* LEO E. LEIPZIGER et al., as Executors of DAVID ROSENTHAL, Deceased, Defendants.

Supreme Court, Special Term, New York County, November 29, 1943.

*George F. Maguire* for plaintiff.

*Edward U. Roth* for Irving E. Sampson, defendant.

*Lester E. Tomback* for Leo E. Leipziger, defendant.

EDER, J. In the disposition to be made plaintiff's and defendant's motions are considered together.

The defendants are sued as executors; the defendant Leipziger was the only one served with a summons; subsequent thereto the defendant Sampson made a voluntary appearance by attorney; no process was ever served upon him; each defendant served a notice of appearance by attorney on September 4, 1943, appearing by separate attorneys; Leipziger served his answer on October 8th; Sampson on October 12th or 13th; the answers were similar; both have been retained by plaintiff's attorney.

Plaintiff now moves to strike out the answer of defendant Sampson on the ground that coexecutor Leipziger having been first served with process, and having answered to the complaint prior to the service of Sampson's answer, said defendant Sampson, as coexecutor, was without authority to serve an answer, except by direction of the court (Decedent Estate Law, § 143).

Section 143, entitled " *Regulations, when some of the executors are not summoned* ", reads as follows: " In an action or special proceeding against two or more executors or administrators, representing the same decedent, all are considered as one person; and those who are first served with process, or first appear, must answer the plaintiff. Separate answers, by different executors or administrators cannot be required or allowed, except by direction of the court. Judgment in favor of the plaintiff may be entered, and, in a proper case, execution may be issued against all the defendants as if all had appeared. But this section does not affect the plaintiff's right to bring into court all the executors or administrators who are parties."

The statute, it will be observed, reads in the disjunctive: " and those who are first served with process, *or* first appear, must answer the plaintiff." (Italics supplied.)

In the instant case both executors served notice of appearance on the same day, a situation for which the statute makes no provision and each would seem to have equal right to serve an answer to the complaint. It seems to me that on the question of precedence in such circumstances, for the purpose of

determining the right to serve an answer to the complaint, the one first served with process should have priority; such appears to be a logical and practical solution and avoids what might otherwise result in producing a confusing and chaotic result.

It is undenied that defendant Sampson has not obtained permission to serve his answer, but it is urged on his behalf, in opposition, that as plaintiff's attorney has not returned the answer and has retained it without objection, he has waived the right to object to its service and is in consequence precluded from now questioning the regularity or validity of such service. The plaintiff counters with the assertion that there can be no waiver, that the statute is mandatory and only the court can authorize the service of an answer.

The predecessor of section 143 of the Decedent Estate Law is section 1817 of the Code of Civil Procedure, which was the subject of construction in *Salters* v. *Pruyn* (15 Abb. Pr. 224). Upon appeal, the General Term said (INGRAHAM, P. J., p. 226):
" The statute is positive that in an action against several executors, they shall all be considered as one person, and such of them as shall be first served with process, or shall first appear, shall answer the plaintiff. The intent of the statute was to prevent what has taken place here, and to require the executors to act together in the defence of the action. I do not mean to say, that the court might not allow a different course of proceeding where there was any fraud contemplated on the estate; but if there can be any such relief, other than an application to remove the executor, it must be on a distinct application to the court, and not in this way.

" Whether executors can separate in their defences in a case where no personal liability is sought to be enforced against them, may well be doubted."

It is clear from this that the statute is mandatory and that an answer may not be later served by another coexecutor unless permission of the court is first obtained. As to waiver, the court said (p. 227): " I think also he was wrong in putting in a separate answer; but the plaintiff has waived his objection thereto by not moving to strike it out, or by not returning it."

The retention of Sampson's answer, therefore, does not estop the plaintiff from moving to strike it out, which may be done at any time before trial on the merits has ensued; otherwise, the language of the statute requiring permission to serve the answer would be rendered ineffectual.

The reason assigned by coexecutor Sampson for desiring to interpose a separate answer and to appear by a separate attorney is that he is also named as a legatee under the will and under the circumstances he believes that the best interests of the estate will be protected by permitting him, as coexecutor, to have his own attorney.

There is no claim by him that coexecutor Leipziger is in any manner hostile to his interests or to those of the estate or that he is not fully discharging his duty, and as the answers are alike, I really do not see any necessity for the interposition of separate answers and appearances by separate attorneys; therefore, I grant the plaintiff's motion to strike out the answer of the defendant Sampson, and deny the motion of said defendant for permission to serve an answer as coexecutor, *nunc pro tunc,* as of the date of service heretofore made, but without prejudice to renew if the circumstances or conditions should so change as to require a separate answer and appearance by separate attorney for coexecutor Sampson.

Motion disposed of as indicated.

Settle order.